**WOLLMUTH MAHER & DEUTSCH LLP**
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
_____

TELEPHONE (212) 382–3300
FACSIMILE (212) 382–0050

June 29, 2018

*By ECF*
The Honorable Debra Freeman
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007

*Phoenix Light SF DAC, et al. v. Deutsche Bank Nat'l Trust Co., et al.*, 14-cv-10103-JGK-DF and
*Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, 15-cv-10031-JGK-DF

**Subject: Joint Status Letter**

Dear Judge Freeman:

As requested by the Court at the April 26, 2018 conference, the parties respectfully submit this joint letter to update the Court on the status of discovery in the above-referenced actions as well as any settlement discussions.

### I.   Party Fact Discovery

The parties have completed their document productions to each other with the exception of (1) certain documents requested in follow-up to depositions and recent productions, and (2) documents in response to Plaintiffs' motion to compel loan number searches (ECF 190 (Phoenix Light)).  The parties expect to complete these productions in the next few weeks. Party depositions have concluded though Plaintiffs have reserved their right to depose one Deutsche Bank employee when she returns from an extended medical leave and re-depose a senior executive (if necessary) about Defendants' board of directors' documents, once that production is complete. The parties have submitted pre-motion letters seeking to compel additional responses to each other's Interrogatories and Requests for Admission, which should be fully submitted today.  The parties have also agreed to the format of their privilege logs and expect to serve completed logs in the near term.

### II.   Non-Party Discovery

The deadline to complete Phase I non-party discovery is June 29, 2018.  The parties agree that certain requests instigated before this deadline shall not be deemed untimely if completed after the deadline:  (1) outstanding document demands to non-party Ameriquest Mortgage Company; (2) the deposition of non-

party witness Harin De Silva (currently scheduled for July 25, 2018); (3) the deposition of non-party witness Michael McLoughlin (expected to take place in July); and (4) testimony and document productions by non-party Deutsche Bank AG following resolution of the pending motion to quash (ECF 218-222 (Phoenix Light); ECF 105-109 (Commerzbank)).

### III.     Expert Discovery

The parties have served their Phase I initial expert reports, and Plaintiffs have agreed to Defendants' request to extend the deadline for rebuttal reports to August 13, 2018.  The parties have a disagreement about the scheduling of expert depositions. The parties' positions are set forth below.

> PLAINTIFFS' POSITION: The Phase 1 expert discovery cut-off is October 5, 2018 in Commerzbank and October 10, 2018 in Phoenix Light. Despite Deutsche Bank's feigned surprise, it has always been Plaintiffs' position that it is most efficient for both parties to schedule expert depositions in the roughly six-week period after expert rebuttal reports (unless it is clear that the expert is not going to submit a rebuttal report) and that each expert be deposed only for a single day. Defendants rejected this approach and want to take depositions of certain experts for two days *before* rebuttal reports are due, and reserve the right to take another deposition of the expert after rebuttal reports.  Because Deutsche Bank claims that it does not know if Mr. Richard will submit a rebuttal report, Plaintiffs decided to wait to depose him until after rebuttal reports to avoid deposing him twice.

> There is nothing uneven or unfair about Plaintiffs' position. The current scheduling order does not contemplate multiple depositions of the same expert, and multiple depositions are not necessary: in the unlikely event that a rebuttal expert learns that she misunderstood an affirmative expert's opinion based on deposition testimony, she has the ability to modify her rebuttal report as appropriate. Defendants' attempt to force multiple and lengthy depositions of experts is excessive, unnecessary and a waste of resources. While this may not be a concern for Defendants because we understand that they are using the at-issue trust funds to fund their defense costs, that is no reason for the parties to engage in wasteful and unnecessary discovery.

> DEFENDANTS' POSITION:  Plaintiffs have submitted affirmative reports by Ingrid Beckles and Mark Adelson.  Defendants have submitted an affirmative report by John Richard.  Each side served upon the other side's experts one deposition subpoena for each case for dates in July, such that each expert would be deposed on two successive days prior to the date rebuttal reports are due.  Plaintiffs have asked Defendants to complete their depositions in a single day.  While Defendants intend to be efficient, they anticipate needing more than 7 hours for the depositions of Ms. Beckles and Mr. Adelson given the issues raised, the amount in controversy and the fact that the reports submitted in Commerzbank and Phoenix Light are not identical.  Plaintiffs proposed dates for Mr. Adelson (July 24-25) and Ms. Beckles (July 26-27), and Defendants have proposed two dates for Mr. Richard.  None of this appeared to be in dispute or require judicial resolution.

> Plaintiffs have informed Defendants that Mr. Adelson will be submitting a second report in rebuttal to Mr. Richard's report.  Defendants informed Plaintiffs they reserve the right to depose Mr. Adelson after his rebuttal report is submitted for the limited purpose of addressing any new issues raised for the first time in rebuttal.  Plaintiffs' position, described above, is unfair.  Defendants do not believe that Mr. Adelson's opinions are clear and believe that they need to take those depositions in order to be positioned to submit rebuttal reports.  As to whether Defendants should be able to depose Mr. Adelson after he serves a second (rebuttal) report, Defendants submit that the issue is not ripe because Defendants have no knowledge of what will be in the second report and whether a deposition will be necessary.  Thus, the only choice that Plaintiffs offered to Defendants— respond to Mr. Adelson's

first report without the ability to fully understand it or decide now to forego the ability to ask any questions about a report Defendants have not seen —is unreasonable.  As a compromise, if Plaintiffs are concerned about the possible prospect of Mr. Adelson being deposed for three days, Defendants will agree to depose Mr. Adelson for one day now and one day after his rebuttal report is submitted. If the Court is going to reach the issue now, it should rule in favor of permitting the scheduled depositions to go forward and allowing a limited deposition of Mr. Adelson after his rebuttal report is submitted.

### IV.     Settlement Discussions

The parties have not yet engaged in substantive settlement discussions. Plaintiffs are always willing to discuss settlement, and are open to the possibility of alternative dispute resolution. Defendants will consider any proposal made by Plaintiffs regarding settlement or alternative dispute resolution.

* * * *

We thank the Court for its attention to these matters.

Respectfully submitted,

| */s/ Christopher J. Luc*ht <br> Christopher Lucht <br> Wollmuth Maher & Deutsch LLP <br> *Counsel for Plaintiffs Commerzbank AG and Phoenix Light SF DAC, et al.* | */s/ Kevin J. Biron* <br> Kevin J. Biron <br> Morgan, Lewis & Bockius LLP <br> *Counsel for Defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as Trustees* |
|---|---|

cc:   All counsel of-record (via ECF)