**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX LIGHT SF DAC, BLUE HERON FUNDING V LTD., BLUE HERON FUNDING VI LTD., BLUE HERON FUNDING VII LTD., BLUE HERON FUNDING IX LTD., C-BASS CBO XIV LTD., C-BASS CBO XVII LTD., KLEROS PREFERRED FUNDING V PLC, SILVER ELMS CDO PLC and SILVER ELMS CDO II LIMITED, | Case No. 14-cv-10103-JGK-DCF |
| | Hon. John G. Koeltl |
| Plaintiffs, | |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY and DEUTSCHE BANK TRUST COMPANY AMERICAS, | |
| Defendants. | |
| COMMERZBANK AG, | Case No. 15-cv-10031-JGK-DCF |
| Plaintiff, | Hon. John G. Koeltl |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY and DEUTSCHE BANK TRUST COMPANY AMERICAS, | |
| Defendants. | |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' OBJECTIONS CITED IN PLAINTIFFS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs submit this joint memorandum in response to Defendant's objections to evidence identified in Plaintiffs' joint motion for partial summary judgment.

## I.   Introduction

Plaintiffs' evidence proffered at this stage is admissible and/or its admissibility is anticipated in accordance with Rule 56 of Federal Rules of Civil Procedure ("FRCP"). *See* Rule 56 of Fed. R. Civ. P.; *Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 46 (2d Cir. 2015). As explained below, Plaintiffs' evidence is admissible under the Federal Rules of Evidence ("FRE"). Additionally, as set forth below, Defendants' objections are baseless, improper, and/or mischaracterize Plaintiffs' evidence.

Plaintiffs reserve the right to raise and seek a ruling from the Court that any objection made by the Defendants is improper, and should be overruled. Further, Plaintiffs do not waive any defense to any objection as to its evidence.

| Ex. No. | Date | Description | Objection | Rebuttal |
|---------|------|-------------|-----------|----------|
| 45 | Undated | FRE 1006 Summary of Trusts | Improper 1006 summary; there is no evidence that several of the source documents have been produced or provided to defendant ("individual trade tickets and Plaintiffs' internal records"). ¶ 47(b), Declaration of Jay S. Handlin in Support of Plaintiffs' Joint Motion for Partial Summary Judgment ("Handlin Decl.") | Because all cited evidence comes from readily available public documents, DB's Rule 1006 objection fails. Rule 1005 permits use of contents of public documents, and those contents may be proved by means other than certified copies, so long as reliable. Rule 1006 permits uses of summaries insofar as the underlying documents are made available for examination. |
| 378 | 1/18/2018 | Deposition transcript of Ronaldo Reyes | Lacks foundation with respect to the following excerpts regarding Analytics and modeling of EODs: 98:15-19; 96:24-98:18. | These facts are founded on Reyes' admitted personal knowledge, so DB's foundation objection is without merit. Reyes testified as to both personal experience with, and a business understanding of, DB's Analytics group and its reports: "[t]he analytics team produces what we refer to as a trigger report . . . [and] when the trigger report is produced, it's the responsibility of the trust administration group to determine if any of those triggers are defined events of default and whether or not and event of default has occurred." 42:12-24. |
| 379 | 1/1/2007 | Special Purpose Vehicles and Securitization, The Risks of Financial Institutions  Chapter 12 by Gary B. Gorton and Nicholas S. Souleles | Hearsay; Improper Expert Opinion.  This exhibit is a chapter from a book.  The author was not disclosed as an expert by Plaintiffs, and the motion papers make no attempt to establish the author's qualifications.  The book is an out of court statement being offered for the truth of its contents. | The treatise cited at Handlin Ex. 379, "Special Purpose Vehicles and Securitization, The Risks of Financial Institutions, Chapter 12 by Gary B. Gorton and Nicholas S. Souleles," is admissible under Rule 801(17) as a commercial publication relied upon by public finance professionals, and is also sufficiently reliable to fall under Rule 807's residual exception. DB cannot assert a lack of reliability without demonstrating contrary authority. |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 380 | 8/30/2017 | Deposition of Peter J. Collins in *Phoenix Light SF Ltd., et al. v. U.S. Bank Nat'l Ass'n, et al.*, No. 14-cv-10116 (S.D.N.Y.) | Hearsay.  A party's deposition of its own witnesses is hearsay.  This testimony is not subject to the exception in FRE 32 (a) or by FRE 804(b)(1) because there has been no showing that the witness is unavailable. | Deposition testimony under oath is "at least as good as an affidavit and should be usable whenever an affidavit would be permissible", even if conditions for use at trial are not satisfied, 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil § 2142, 164 (2d ed. 1994), so DB's hearsay objection is without merit. Further, a party can offer its own deponent's testimony on motion for summary judgment. *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 200 n.3 (E.D.N.Y. 2007). Moreover, the testimony is not hearsay because it concerns a judicially recognized fact that federal law prohibits investors from gaining access to loan files. *See* 15 U.S.C. § 1601; *Willey v. J.P. Morgan Chase, N.A*, 2009 WL 1938987, at *1 (S.D.N.Y. July 7, 2009). Finally, the testimony is admissible as reflecting the witness's knowledge under Rule 803(5). |
| 381 | Undated | ECF No. 189-3 in *Phoenix Light, et al. v. DBNTC, et al.*, Case No. 14-cv-10103 (the "PL Action") | Lacks foundation; lack of authentication. | This document is not cited in support of any evidentiary fact. |
| 382 | Undated | ECF No. 89-3 in *Commerzbank v. DBNTC, et. al*, Case No. 15-cv-10031 (the "CB Action") | Lacks foundation; lack of authentication. | This document is not cited in support of any evidentiary fact. |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 383 | 12/5/2018 | Deposition transcript of Timothy Vahen Avakian | Lacks foundation with respect to the following excerpt receipt of mortgage file documents: 120:8-14. | DB's foundation objection is without merit. The cited testimony is admissible as a party admission, and because Avakian testified to his personal knowledge of these facts and his understanding of the term "any material respect" with regard to delivery of the mortgage file documents. 120:8-14. |
| 384 | 1/25/2018 | Deposition transcript of David Co | Lacks foundation with respect to the following excerpts regarding loan servicing: 191:22-192:25; 196:12-20 | DB's foundation objection is without merit. The cited testimony is admissible as a party admission, and because Co testified to his personal knowledge of the "standard of practice of prudent mortgage lenders in the respective states in which the mortgage properties are located" and whether the practice of robo-signing constituted a violation of such practices. 191:22-192:25; 196:12-20. |
| 389 | 11/20/2017 | Deposition transcript of Maria Jenny Pilapil | Lacks foundation with respect to the following excerpt regarding analytics/calculation of trigger event loss EODs: 106:11-107:16. Lacks foundation with respect to the following excerpts regarding ████████ 42:7-43:6, 54:3-7. | DB's foundation objections are without merit. The cited testimony is admissible as a party admission. Pilapil testified to ████████████████ 106:11-107:16. Pilapil further testified to ████████ 42:12-15. |
| 393 | 1/31/2018 | Deposition transcript of Gary Vaughan | Lacks foundation with respect to the following excerpts regarding loan servicing: 194:16-20;195:7-15 | DB's foundation objection is without merit. The cited testimony is admissible as a party admission, and because Vaughan testified to ████████████████ 194:16-20; 195:7-15. The relevant excerpts do not lack foundation. |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 634 | 12/12/2014 | Letter to The Bank of New York Mellon Trust Company, National Association from David H. Wollmuth, on behalf of Blue Heron Funding II Ltd., Blue Heron Funding V Ltd., Blue Heron Funding VI Ltd., Blue Heron Funding IX Ltd., C-BASS CBO XIV Ltd., and C-BASS CBO XVII Ltd. | Hearsay. This is a letter ███████ which constitute out of court statements offered for the truth of the matter asserted. | The letters cited to by Plaintiffs are not hearsay because they are not being used to prove the truth of the matter asserted. *See* Rule 801. |
| 635 | 12/12/2014 | Letter to Deutsche Bank Trust Company Americas from David H. Wollmuth, on behalf of Kleros Preferred Funding V PLC | Hearsay. This is a letter ███████ which constitute out of court statements offered for the truth of the matter asserted | The letters cited to by Plaintiffs are not hearsay because they are not being used to prove the truth of the matter asserted. *See* Rule 801. |
| 636 | 12/12/2014 | Letter to Wells Fargo Bank, N.A. from David H. Wollmuth, on behalf of Blue Heron Funding VII Ltd. and Silver Elms CDO II PLC | Hearsay. This is a letter ███████ which constitute out of court statements offered for the truth of the matter asserted | The letters cited to by Plaintiffs are not hearsay because they are not being used to prove the truth of the matter asserted. *See* Rule 801. |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 637 | 12/12/2014 | Letter to Deutsche Bank Trust Company Americas from David H. Wollmuth, on behalf of Silver Elms CDO PLC | Hearsay.  This is a letter ████████████████ which constitute out of court statements offered for the truth of the matter asserted. | The letters cited to by Plaintiffs are not hearsay because they are not being used to prove the truth of the matter asserted. *See* Rule 801. |
| 666 | 5/11/2009 | Commerzbank AG Press Release | Hearsay. This is an out of court statement which is offered to prove that Commerzbank AG ("CB") succeeded to all of the interests of Dresdner Bank AG ("Dresdner") by way of merger as of May 2009, effected by way of universal succession under the German Transformation Act, with CB as the entity resulting from such merger. | Commerzbank's contemporaneous press release is admissible as a business record under Rule 803(6). As a regulated entity, Commerzbank had a business duty to report accurate and timely information concerning mergers, and DB offers no evidence that the contemporaneous business report is unreliable. |
| 667 | 1/19/2018 | Deposition transcript of Vijay Radhakishun | Hearsay.  A party's deposition of its own witnesses is hearsay.  This testimony is not subject to the exception in FRE 32 (a) or by FRE 804(b)(1) because there has been no showing that the witness is unavailable. | Deposition testimony under oath is "at least as good as an affidavit and should be usable whenever an affidavit would be permissible", even if conditions for use at trial are not satisfied, 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil § 2142, 164 (2d ed. 1994), so DB's hearsay objection is without merit. Further, a party can offer its own deponent's testimony on motion for summary judgment. *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 200 n. 3 (E.D.N.Y. 2007). |
| 668 | 3/9/2018 | Rule 30(b)(6) deposition transcript of Commerzbank AG by Robert Boelstler | Hearsay.  A party's deposition of its own witnesses is hearsay.  This testimony is not subject to the exception in FRE 32 (a) or by FRE 804(b)(1) because there has been no showing that the witness is unavailable. | Deposition testimony under oath is "at least as good as an affidavit and should be usable whenever an affidavit would be permissible", even if conditions for use at trial are not satisfied, 8A Wright, Miller & Marcus, Federal Practice & Procedure: Civil § 2142, 164 (2d ed. 1994), so DB's hearsay objection is without merit. Further, a party can offer its own deponent's testimony on motion for summary judgment. *Patsy's Italian Rest., Inc. v. Banas*, 508 F. Supp. 2d 194, 200 n. 3 (E.D.N.Y. 2007). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 670 | 2008 | Commerzbank AG Annual Report 2008 | Hearsay. This is a press release containing out of court statements offered to prove that Eurohypo was the New York Branch of a wholly-owned subsidiary of CB. | Commerzbank's contemporaneous annual report is admissible as a business record under Rule 803(6). As a regulated entity, Commerzbank had a business duty to report accurate and timely information concerning its businesses, and DB offers no evidence that the contemporaneous business report is unreliable. |
| 671 | 2008 | New York State Banking Department 2008 Annual Report | Hearsay. This is an annual report containing out of court statements offered to prove that Eurohypo was the New York Branch of a wholly-owned subsidiary of CB. | NYS Banking Department's contemporaneous annual report is admissible as a business record under Rule 803(6) and a government record under Rule 803(8). As a regulated entity, NYS Banking Department had a business duty to report accurate and timely information concerning its businesses, and DB offers no evidence that the contemporaneous business and government report is unreliable. |
| 706 | 1/19/2018 | Deposition transcript of Ronaldo Reyes | Lacks foundation with respect to the following excerpt regarding Analytics and modeling: 337:10-338:1. | DB's foundation objection is without merit. The cited testimony is admissible as a party admission, and because Reyes testified to his personal knowledge of numerical triggers for Events of Default. Reyes explicitly states that the excerpted testimony is his "general understanding". 337:15. |
| 746 | 12/18/2017 | Deposition transcript of Katie Wannenmacher | Lacks foundation with respect to the following excerpts regarding Analytics and calculation of Trigger Event Loss EODs: 193:11- 195:6; 195:8-197:21. | DB's objection regarding lack of foundation is incorrect, as Ms. Wannenmacher had personal knowledge of the alleged fact, therefore rendering the excerpts admissible. Ms. Wannenmacher is testifying ███████ ████████████████████████████ ████████████████████████ 193:11-195:6; 195:8-197:21. The relevant excerpts do not lack foundation. |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---------|------|-------------|-----------|----------|
| 785 | 12/6/2010 | DB's notice to AHMSI, as Servicer, of Chicago property violations | Hearsay.  The document includes information from a spreadsheet prepared by the City of Chicago.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non- party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Chicago, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 786 | 1/25/2012 | DB's notice to AHMSI, as Servicer, of Chicago property violations | Hearsay.  The document includes information from a spreadsheet prepared by the City of Chicago.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill).*Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Chicago, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003 |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 787 | 3/23/2011 | DB's notice to Wells Fargo, as Servicer, of Chicago property violations, dated March 23, 2011 | Hearsay.  The document includes information from a spreadsheet prepared by the City of Chicago.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Chicago, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 788 | 11/14/2011 | DB's notice to Wells Fargo, as Servicer, of Chicago property violations | Hearsay.  The document includes information from a spreadsheet prepared by the City of Chicago.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Chicago, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 789 | 8/13/2010 | Email correspondence between DB and the New York City Environmental Control Board, including the Environmental Control Board's notice to DB regarding property violations | Hearsay. The document includes information from a spreadsheet prepared by the City of New York. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 790 | 8/13/2010 | Spreadsheet attached to Exhibit 789 identifying the property violations identified by the New York City Environmental Control Board | Hearsay. The document includes information from a spreadsheet prepared by the City of New York. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 791 | 10/25/2010 | Email correspondence between DB and Ocwen including DB's email to Ocwen regarding code and rule violations asserted by the City of New York | Hearsay. The document includes information from a spreadsheet prepared by the City of New York. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 792 | 8/24/2011 | DB's email to Ocwen regarding code and rule violations asserted by the City of New York | Hearsay. The document includes information from a spreadsheet prepared by the City of New York. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 793 | 10/25/2010 | DB's email to Wells Fargo regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 794 | 7/29/2011 | DB's email to Wells Fargo regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 795 | 10/25/2010 | DB's email to Impac regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 796 | 7/15/2011 | DB's email to Impac regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 797 | 10/25/2010 | Email correspondence including DB's email to BAC regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 798 | 7/15/2011 | DB's email to BAC regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 799 | 12/30/2010 | DB's email to BAC regarding code and rule violations asserted by the City of New York | Hearsay. The document includes information from a spreadsheet prepared by the City of New York. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (e.g., there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 800 | 3/17/2011 | DB's email correspondence with Ocwen, including DB's email to Ocwen regarding code and rule violations asserted by the City of New York | Hearsay. The document includes information from a spreadsheet prepared by the City of New York. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (e.g., there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---------|------|-------------|-----------|----------|
| 801 | 10/25/2010 | DB's email to AHMSI regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 802 | 3/16/2011 | DB's email to AHMSI regarding code and rule violations asserted by the City of New York | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 803 | 3/14/2013 | Plaintiffs' Deposition Exhibit 498 (email correspondence regarding code and rule violations asserted by the City of New York) | Hearsay.  The document includes information from a spreadsheet prepared by the City of New York.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of New York, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 804 | 2/25/2010 | Email correspondence including an email from a Milwaukee official to DB regarding property violations | Hearsay.  The document includes information from a spreadsheet prepared by the City of Milwaukee.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Milwaukee, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 805 | 2/25/2010 | Spreadsheet containing Milwaukee property violations | Hearsay.  The document includes information from a spreadsheet prepared by the City of Milwaukee.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Milwaukee, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 806 | 4/7/2010 | DB email responding to Milwaukee's assertion of property violations, attaching Servicer response spreadsheet | Hearsay.  The document includes information from a spreadsheet prepared by the City of Milwaukee.  All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Milwaukee, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---------|------|-------------|-----------|----------|
| 807 | 10/5/2010 | DB email correspondence with Litton Loan Servicing regarding Milwaukee's assertion of property violations | Hearsay. The document includes information from a spreadsheet prepared by the City of Milwaukee. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Milwaukee, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |
| 808 | 9/20/2010 | DB email correspondence with AHMSI regarding Milwaukee's assertion of property violations | Hearsay. The document includes information from a spreadsheet prepared by the City of Milwaukee. All statements in those spreadsheets regarding alleged property code violations and/or outstanding fines/accounts receivable are inadmissible hearsay because they are out-of-court statements made by a non-party and Plaintiffs are offering those statements to prove the truth of the matter asserted (*e.g.*, there was an uncured property code violation and/or an outstanding fine/bill). *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 469–70 (S.D.N.Y. 2008) (hearsay evidence should not be considered on a motion for summary judgment). | Because the metadata produced by DB shows that the spreadsheet was authored by DB's own employees, the spreadsheet is admissible as a party admission. Even if authored by the City of Milwaukee, the contemporaneous spreadsheet would be admissible as a business record under Rule 803(6) and a government record under Rule 803(8), as statements of a public officer of facts observed pursuant to a legal duty to report. DB offers no evidence that the contemporaneous business and government report is unreliable. Furthermore, DB clearly adopted these documents by acting on them, sending them onward to the Servicers and demanding that the Servicers take action. *See In re GM LLC Ignition Switch Litig.*, 2015 WL 8578945, at *2 (S.D.N.Y. Dec. 9, 2015); *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 258 (S.D.N.Y. 2003). |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| 809 | 5/4/2011 | Complaint filed in *The People of the State of California and the City of Los Angeles v. Deutsche Bank National Trust Company, Deutsche Bank Trust Company Americas, et al.,* Case. No. BC460878 (Super. Ct. Cal.) | Hearsay.  These documents are inadmissible to prove that there were any uncured property code violations. *See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) (holding that allegations in an complaint and resulting consent judgment were properly stricken because they were not adjudicated on the merits, and thus could not be used as evidence of prior wrongdoing in subsequent litigation, or to prove underlying facts of liability); *In re Blech Sec. Litig.*, No. 94 CIV. 7696 (RWS), 2003 WL 1610775, at *11 (S.D.N.Y. Mar. 26, 2003) (statements in complaints are "inadmissible hearsay, excluded by Rules 801, 802, and 803 of the Federal Rules of Evidence"). | DB's hearsay objection is meritless. DB misstates Plaintiffs' assertions regarding this document. Pltfs.SUF ¶ 528 states a fact that a complaint was filed by the City of Los Angeles, which shows notice of government allegations of uncured property code violations. This does not constitute hearsay under Rule 801. |
| 810 | 11/25/2013 | Verified Petition of Deutsche Bank National Trust Company, as Trustee for the Deutsche Bank National Trust Company, as Trustee for IXIS Real Estate Capital Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006-HE2 for Instructions Regarding the Internal Affairs of the Trust," filed *in In re IXIS Real Estate Capital Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006-HE2* | Hearsay.  These documents are inadmissible to prove that there were any uncured property code violations.*See Lipsky v. Commonwealth United Corp.*, 551 F.2d 887,893 (2d Cir. 1976) (holding that allegations in an complaint and resulting consent judgment were properly stricken because they were not adjudicated on the merits, and thus could not be used as evidence of prior wrongdoing in subsequent litigation, or to prove underlying facts of liability); *In re Blech Sec.Litig.*, No. 94 CIV. 7696 (RWS), 2003 WL 1610775, at *11 (S.D.N.Y. Mar. 26, 2003) (statements in complaints are "inadmissible hearsay, excluded by Rules 801, 802, and 803 of the Federal Rules of Evidence"); *Edelhertz v. City of Middletown*, 943 F. Supp. 2d 388, 391 n.2 (S.D.N.Y. 2012), *aff'd sub nom. Edelhertz v. City of Middletown, New York*, 714 F.3d 749 (2d Cir. 2013) ("allegations made in | DB's hearsay objection is meritless. DB misstates Plaintiffs' assertions regarding this document. Pltfs.SUF ¶ 529 states the fact that DB entered into an agreement titled Trustee-Servicer Property Agreements. This does not constitute hearsay under Rule 801. |

| Ex. No. | Date | Description | Objection | Rebuttal |
|---|---|---|---|---|
| | | | [a] Complaint—a document that is evidence of nothing more than the existence of an accusation—are inadmissible hearsay, pursuant to Rules 801, 802, and 803 of the Federal Rules of Evidence."). | |
| 852 | 1971 | "Article Six: the Trustee" excerpt from American Bar Foundation, Commentaries on Model Debenture Indenture Provisions, 1965: Model Debenture Indenture Provisions, All registered Issues, 1967, and Certain Negotiable Provisions Which May be Included in a Particular Incorporating Indenture (1971) | Hearsay; Improper Expert Opinion. This exhibit is a chapter from a book. The author was not disclosed as an expert by Plaintiffs, and the motion papers make no attempt to establish the author's qualifications. The book is an out of court statement being offered for the truth of its contents. | This document is admissible for non-hearsay purposes. It falls under Rule 803(16) as "a statement in a document that was prepared before January 1, 1998, and whose authenticity is established." *See* Rule 803(16). The authenticity of this document has been approved by this Court and the Second Circuit. *See McMahan & Co. v. Wherehouse Entm't, Inc.*, 65 F.3d 1044, 1050 (2d Cir. 1995); *Metro. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 893 (2d Cir. 1990); *Morgan Stanley & Co. v. Archer Daniels Midland Co.*, 570 F. Supp. 1529, 1535 (S.D.N.Y. 1983); *Semi-Tech Litig., LLC v. Bankers Tr. Co.*, 353 F. Supp. 2d 460, 463-64 n.13 (S.D.N.Y. 2005), *aff'd sub nom. In re Bankers Tr. Co.*, 450 F.3d 121 (2d Cir. 2006). |

Dated: New York, New York

February 15, 2019

By: */s/ Jay S. Handlin*

Jay S. Handlin