**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

PHOENIX LIGHT SF DAC, BLUE HERON
FUNDING V LTD., BLUE HERON FUNDING VI
LTD., BLUE HERON FUNDING VII LTD., BLUE
HERON FUNDING IX LTD., C-BASS CBO XIV
LTD., C-BASS CBO XVII LTD., KLEROS
PREFERRED FUNDING V PLC, SILVER ELMS          No. 14-cv-10103-JGK
CDO PLC and SILVER ELMS CDO II LIMITED,

                                    Plaintiffs,

        -against-

DEUTSCHE BANK NATIONAL TRUST COMPANY
and DEUTSCHE BANK TRUST COMPANY
AMERICAS,

                                   Defendants.

---------------------------------------------------------------

COMMERZBANK AG,

                                    Plaintiff,

        -against-                                    No. 15-cv-10031-JGK

DEUTSCHE BANK NATIONAL TRUST COMPANY
and DEUTSCHE BANK TRUST COMPANY
AMERICAS,

                                   Defendants.

---------------------------------------------------------------x

### REVISED REPLY DECLARATION OF JAY S. HANDLIN IN SUPPORT OF
### PLAINTIFFS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT

    I, Jay S. Handlin, hereby declare:

    I am an attorney with the law firm Wollmuth Maher & Deutsch LLP, counsel for

Plaintiffs in the above-captioned actions. I am familiar with the facts set forth herein on the basis

of my personal knowledge and my review of documents in the possession of my firm. I submit

this Revised Reply Declaration in further support of Plaintiffs' Joint Motion for Partial Summary Judgment. This revised declaration corresponds to excerpted copies of the exhibits that Plaintiffs submit in further compliance with the Court's directive that the parties streamline and reduce the volume of summary judgment submissions.

1.      Annexed hereto as Exhibit 1 is a chart compiling certain "good faith" provisions from the Governing Agreements, which was prepared at my direction and under my supervision, and which is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

2.      Annexed hereto as Exhibit 2 is a true and correct excerpted copy of Plaintiffs' Third Supplemental Responses and Objections to Defendants' Second Set of Interrogatories dated November 2, 2018, served in the *CB* Action.

3.      Annexed hereto as Exhibit 3 is a true and correct excerpted copy of Plaintiffs' Third Supplemental Responses and Objections to Defendants' Second Set of Interrogatories dated November 2, 2018, served in the *PL* Action.

4.      Annexed hereto as Exhibit 4 is a chart compiling certain provisions from the Governing Agreements that use the word "breach" in connection with Servicers, which was prepared at my direction and under my supervision, and which is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

5.      Annexed hereto as Exhibit 5 is a true and correct excerpted copy of Plaintiffs' Deposition Exhibit 614, DB's Policies and Procedures Manual dated July 2009, which DB produced in the *PL* action beginning at document control number DBNTC PHOENIX LIGHT 00002569047.

6.      In the Governing Agreements for 22 Trusts, § 7.01(a)(ii) or its equivalent clause, which defines as an EOD a Servicer's "failure … duly to observe or perform in any material respect any other of the covenants or agreements on the part of the Servicer set forth in this Agreement," states that the EOD is triggered if the Servicer's "failure or breach" is not remedied within the designated cure period. *See* Handlin Ex. 76 (ECR 2005-3 SA) § 6.01(ii);  Handlin Ex. 78 (FFML 2005-FF2 PSA) § 7.01(b); Handlin Ex. 79 (FFML 2005-FFH3 PSA) § 7.01(a)(ii); Handlin Ex. 82 (FFML 2006-FF13 PSA) § 7.01(b); Handlin Ex. 80 (FFML 2006-FF8 PSA) § 7.01(a)(ii); Handlin Ex. 11 (FHLT 2006-1 PSA) § 7.01(a)(ii); Handlin Ex. 12 (FHLT 2006-2 PSA) § 7.01(a)(ii); Handlin Ex. 13 (FHLT 2006-3 PSA) § 7.01(a)(ii); Handlin Ex. 83 (GSAA 2005-10 PSA) § 7.01(b); Handlin Ex. 89 (GSAMP 2005-HE4 PSA) § 7.01(b); Handlin Ex. 90 (GSAMP 2005-WMC1 PSA) § 7.01(b); Handlin Ex. 91 (GSAMP 2005-WMC2 PSA) § 7.01(b); Handlin Ex. 92 (GSAMP 2005-WMC3 PSA) § 7.01(b); Handlin Ex. 21 (MLMI 2007-MLN1 PSA) § 7.01(b); Handlin Ex. 22 (MMLT 2005-2 PSA) § 7.01(a)(ii); Handlin Ex. 35 (NHEL 2006-5 PSA) § 7.01(a)(ii); Handlin Ex. 36 (NHEL 2006-6 PSA) § 7.01(a)(ii); Handlin Ex. 116 (NHEL 2007-2 PSA) § 7.01(a)(ii); Handlin Ex. 117 (SVHE 2005-OPT3 PSA) § 7.01(a)(ii); Handlin Ex. 118 (SVHE 2005-OPT4 PSA) § 7.01(a)(ii); Handlin Ex. 43 (SVHE 2006-NLC1 PSA) § 7.01(a)(ii); Handlin Ex. 119 (SVHE 2006-OPT5 PSA) § 7.01(a)(ii).

7.      Annexed hereto as Exhibit 6 is a true and correct copy of the metadata for the document previously identified and filed as Handlin Ex. 787, which DB produced in the *CB* action with document control number DBNTC_COMMERZBANK_00000501114.

8.      Annexed hereto as Exhibit 7 is a true and correct copy of the metadata for the document previously identified and filed as Handlin Ex. 791, which DB produced in the *CB* action with document control number DBNTC_COMMERZBANK_00000906450.

9.     Annexed hereto as Exhibit 8 is a true and correct copy of the deposition errata sheet for David Co dated March 8, 2018. The transcript of Mr. Co's January 25, 2018 deposition to which the errata relate was previously identified and filed as Handlin Ex. 384.

10.    Annexed hereto as Exhibit 9 is a true and correct copy of the Order Granting the Verified Petition of Deutsche Bank National Trust Company, as Trustee for the IXIS Real Estate Capital Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006-HE2 for Instructions Regarding the Internal Affairs of the Trust, dated March 4, 2014, produced by DB in the *PL* Action beginning at document control number DBNTC PHOENIX LIGHT 00002647428.

11.    DB filed proofs of claim in bankruptcy proceedings involving one or more responsible parties for the following 38 Trusts (collectively, the "Proof of Claim Trusts"): AABST 2006-1; AHM 2006-1; ECR 2005-3; GSAA 2006-17; GSAA 2007-4; GSAMP 2006-S4; HASC 2007-HE1; HVMLT 2007-2; IMM 2005-7; IMM 2005-8; IMM 2007-A; IMSA 2006-3; IMSA 2006-4; IXIS 2005-HE3; IXIS 2006-HE1; IXIS 2006-HE2; IXIS 2006-HE3; IXIS 2007-HE1; MSAC 2005-HE7; MSAC 2005-NC2; MSAC 2006-HE5; MSAC 2006-HE6; MSAC 2006-HE7; MSAC 2006-HE8; MSAC 2006-NC2; MSAC 2006-NC3; MSAC 2006-NC5; MSAC 2007-HE1; MSAC 2007-HE2; MSAC 2007-NC1; MSHEL 2005-4; MSHEL 2006-3; MSHEL 2007-1; MSHEL 2007-2; MSIX 2006-1; MSIX 2006-2; SABR 2007-NC2; SVHE 2006-NLC1.

12.    Following direction, DB commenced repurchase litigation in the following 6 Trusts: HASC 2006-HE1 (*DB v. Countrywide Home Loans*, 655451/2018 (N.Y. Sup. Ct.)); MSAC 2006-WMC2 (*DB v. WMC Mortgage*, 12-CV-933 (D. Conn.)); MSAC 2007-NC1 (*DB v. Morgan Stanley ABS Capital I Inc.*, 650291/2013 (N.Y. Sup. Ct.)); MSAC 2007-NC4 (*DB v. Morgan Stanley Capital Holdings*, 652877/2014 (N.Y. Sup. Ct.)); HVMLT 2007-2 (*DB v. Plaza*

4

*Home Mortgage*, 651149/2013 (N.Y. Sup. Ct.)); and WAMU 2005-AR13 (*DB v. FDIC*, 09-CV-1656 (Dist. D.C.))

13.     Because 2 of the Trusts for which DB commenced repurchase litigation (MSAC 2007-NC1 and HVMLT 2007-2) overlap with the Proof of Claim Trusts, DB filed proofs of claim and/or commenced repurchase litigation involving a total of 42 Trusts. There are 85 Trusts at issue in these cases, meaning DB did not file proofs of claim or commence repurchase litigation for the remaining 43 Trusts.

14.     In the following 17 Trusts, DB declared EODs, there were no bankruptcies and consequently DB filed no proofs of claim, and DB filed no repurchase litigation: AMSI 2006-R1; ARSI 2006-M1; ARSI 2006-M3; ARSI 2006-W2; ARSI 2006-W3; GSAMP 2005-WMC1; GSAMP 2005-WMC2; GSAMP 2005-WMC3; MSHEL 2005-4; NHEL 2006-5; NHEL 2006-6; NHEL 2007-2; SVHE 2005-3; SVHE 2005-OPT3; SVHE 2005-OPT4; SVHE 2006-1; and SVHE 2006-OPT5.

15.     Annexed hereto as Exhibit 10 is a true and correct excerpted copy of the Transcript of Civil Cause for Motions Hearing before the Honorable Debra C. Freeman, United States Magistrate Judge, in the *PL* action, dated September 21, 2018.

16.     For 25 Trusts where Plaintiffs' Motion has demonstrated that at least one EOD occurred, DB did not file a proof of claim, initiate a repurchase action, declare an EOD, or even say that it reviewed the specific circumstances identified by Plaintiffs to determine whether an EOD occurred. These Trusts are: FFML 2005-FF2; FFML 2005-FFH3; FFML 2006-FF8; FFML 2006-FF9; FFML 2006-FF11; FFML 2006-FF13; FHLT 2006-1; FHLT 2006-2; FHLT 2006-3; GSAA 2005-10; GSAA 2006-15; GSAA 2006-16; GSAMP 2005-HE4; GSAMP 2006-FM3; HASC 2006-OPT4; HASC 2007-OPT1; HVMLT 2006-3; MLMI 2007-MLN1; MMLT 2005-2;

MSAC 2007-HE5; MSHEL 2007-1; MSHEL 2007-2; SAST 2007-1; SAST 2007-2; and SVHE 2006-EQ1.

17.     In its February 2009 Regulation AB audit of DB for 2008, KPMG determined that DB was materially noncompliant with Item 1122(d)(1)(i), as follows: "Policies and procedures were not instituted to monitor certain events of default in that notification of the event of default was not provided to the certificate holders within the timeframe required by the transaction agreement." Handlin Ex. 847 at 223086. According to Ms. Wannenmacher, DB created and instituted the "default checklist" process "in response to this finding of material noncompliance." Handlin Ex. 746 (Wannenmacher) 173:1-6. "[T]he problem that the procedure was instituted to correct" was "that notification of the event of default was not provided to the certificate holders within the timeframe required by the transaction agreements." *Id.* at 173:19-174:3. Ms. Wannenmacher testified that part of her job at DB's Core Services Group involved reviewing and signing off on completed default checklists. *Id.* at 136:25-137:10, 174:16-23. Nonetheless, when she was "reviewing completed MBS checklists and their supporting materials, [she] did not understand that one of the reasons [she was] reviewing that was to insure that certificate holders had gotten timely notice of the events of default." *Id.* at 175:4-176:19. Moreover, the default checklist process "assesses the situation after the fact, after an event of default has occurred, after notice has been sent to certificate holders." *Id.* at 178:18-22. If a notice "went out late, this process would be taking place after that took place." *Id.* at 179:15-24. Therefore, "nothing about this process allows for intervention before the notice has gone out." *Id.* at 179:25-180:7. When I asked Ms. Wannenmacher "whether anything about this default checklist process in fact does anything to remedy any problem, whether the problem is an individual instance or systemic, with

untimeliness of notice of event of default to certificate holders," she admitted: "No, I don't think it changes any of the timing on the notices going out, from what I can recall." *Id.* at 180:9-17.

18.     Annexed hereto as Exhibit 11 is a true and correct copy of Plaintiffs' Deposition Exhibit 597.

19.     DB sought reconsideration of at least three rulings in *Royal Park* since Judge Nathan's decision in *Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-cv-4394, 2016 WL 439020, ECF 100 (S.D.N.Y. Feb. 3, 2016). *See* Motions for Reconsideration at ECF 169, 300, 307.

20.     Annexed hereto as Exhibit 12 is a true and correct excerpted copy of the Saxon Asset Securities Trust 2006-2 ("SAST 2006-2") Pooling and Servicing Agreement dated May 1, 2006, which was at issue and construed in the February 3, 2016 decision in *Royal Park v. Deutsche Bank*.

21.     Annexed hereto as Exhibit 13 is a chart compiling provisions from the Governing Agreements for 72 Trusts regarding the repurchase of loans with missing/defective Mortgage File documents, which was prepared at my direction and under my supervision, and which is submitted under Federal Rule of Evidence 1006 as a summary of voluminous records.

22.     Annexed hereto as Exhibit 14 is a true and correct copy of the Informational Notice Concerning Voluntary Bankruptcy, Events of Default and Certain Other Matters dated April 6, 2007, produced by DB in the *CB* Action beginning at document control number DBNTC_COMMERZBANK_00000424647.

23.     Annexed hereto as Exhibit 15 is a true and correct excerpted copy of the Pooling and Servicing Agreement for Morgan Stanley Home Equity Loan Trust 2006-3 ("MSHEL 2006-3") dated May 1, 2006.

24.     Annexed hereto as Exhibit 16 is a true and correct excerpted copy of the Form 8-K filed on April 27, 2006 for the HarborView Mortgage Loan Trust, 2006-3, which can be found on the SEC's website at File Number 333-130961.

25.     Annexed hereto as Exhibit 17 is a true and correct copy of the Kestrel Funding P.L.C. Consent to Certain Transactions produced in the *PL* Action beginning at document control number PhoenixLight000001952.

26.     Annexed hereto as Exhibit 18 is a true and correct copy of the Undertaking and Sale and Purchase Agreement produced in the *PL* Action beginning at document control number PhoenixLight000002489.

27.     Annexed hereto as Exhibit 19 is a true and correct copy of the Exercise Notice between Kestrel Funding P.L.C., Kestrel Funding (US) LLC, and Phoenix Light SF Limited, produced in the *PL* Action beginning at document control number PL_DB000674762.

28.     Annexed hereto as Exhibit 20 is a true and correct copy of the Exercise Notice between Kestrel Funding P.L.C., Kestrel Funding (US) LLC, and Phoenix Light SF Limited, produced in the *PL* Action beginning at document control number PL_DB001020611.

29.     Annexed hereto as Exhibit 21 is a true and correct copy of the Exercise Notice between Harrier Finance Limited, Harrier Finance (US) Limited. and Phoenix Light SF Limited, produced in the *PL* Action beginning at document control number PL_DB001115057.

30.     Annexed hereto as Exhibit 22 is a true and correct copy of the Exercise Notice between Kestrel Funding P.L.C., Kestrel Funding (US) LLC, and Phoenix Light SF Limited, produced in the *PL* Action beginning at document control number PL_DB001115070.

31.    Annexed hereto as Exhibit 23 is a true and correct copy of the AHM 2006-1 Mortgage Loan Purchase Agreement produced by DB in the *PL* Action beginning at document control number DBNTC PHOENIX LIGHT 00000125546.

32.    Annexed hereto as Exhibit 24 is a true and correct excerpted copy of the IMM 2007-A Mortgage Loan Purchase Agreement produced by DB in the *CB* Action beginning at document control number DBNTC_COMMERZBANK_00000602552.

33.    Annexed hereto as Exhibit 25 is a true and correct copy of the Exercise between Kestrel Funding P.L.C., Kestrel Funding (US) LLC, and Phoenix Light SF Limited, produced in the *PL* Action beginning at document control number PL_DB008367163.

34.    Annexed hereto as Exhibit 26 is a true and correct excerpted copy of the deposition transcript of Christopher Barnett Kennedy taken in the *PL* Action, dated July 26, 2017.

35.    Annexed hereto as Exhibit 27 is a true and correct excerpted copy of the deposition transcript of Matthew Wright taken in the *PL* Action, dated June 23, 2017.

36.    Annexed hereto as Exhibit 28 is a true and correct copy of the trade ticket for WAMU 2005-AR13 produced in the CB Action at CB_DB03090557.

37.    Annexed hereto as Exhibit 29 is a true and correct copy of the Minutes of the Meeting of the Board of Directors Deutsche Bank National Trust Company dated June 30, 2009, produced in the CB Action at DBNTC_COMMERZBANK_00003332492**.**

38.    Annexed hereto as Exhibit 30 is a true and correct copy of Deutsche Bank's Informational Notice and Request for Direction Regarding Settlement Of Residential Mortgage-Backed Securities Claims for Morgan Stanley ABS Capital I Inc. Trust 2006-WMC2 dated August 22, 2016, which is publically available at www.ctslink.com.

39.     Annexed hereto as Exhibit 31 is a Glossary containing defined terms used throughout Plaintiffs' Reply Memorandum of Law in Support of Plaintiffs' Joint Motion for Partial Summary Judgment.

I declare under penalty of perjury under the laws of the United States of America and the State of

New York that the foregoing is true and correct.


Executed:      New York, New York                            */s/ Jay S. Handlin*
Dated:          July 18, 2019                                Jay S. Handlin