**Morgan Lewis**

**Kevin J. Biron**
+1.212.309.6180
kevin.biron@morganlewis.com

January 7, 2021

**VIA ECF**

Honorable John G. Koeltl
United States District Court Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007

Re:   *Phoenix Light SF DAC, et al. v. Deutsche Bank Nat'l Trust Co., et al.*, No. 14-cv-10103 (JGK)(DCF) (S.D.N.Y.) ("*PL/DB*") and *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, No. 15-cv-10031 (JGK)(DCF) (S.D.N.Y.) ("*CB/DB*")

Dear Judge Koeltl:

      We represent defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as trustees for the RMBS trusts at issue in the above-referenced actions (collectively, "Defendant"). We write in response to the December 17, 2020 letter (*PL/DB* ECF No. 382) submitted by Plaintiffs regarding Judge Vyskocil's decision granting a motion to compel in *Brown v. Barnes & Noble, Inc.*, No. 1:16-cv-07333, 2020 U.S. Dist. LEXIS 155134 (S.D.N.Y. Aug. 26, 2020). Contrary to Plaintiffs' claims, *Brown* does not support their argument that the Court should disregard evidence in the summary judgment record that refutes Plaintiffs' false factual assertions. Moreover, to the extent Plaintiffs are now asking this Court to compel Defendant to produce privileged communications based on *Brown*, that case is distinguishable, and, in any event, Magistrate Judge Freeman has already held that any such motion is untimely. *See PL/DB* ECF No. 335; *CB/DB* ECF No. 221.

      In their joint motion for partial summary judgment, Plaintiffs argued that, following certain alleged Events of Default ("EODs"), Defendant purportedly breached a contractual obligation to act as a prudent person and did not act in good faith because, according to Plaintiffs, Defendant took "no action at all" after it became aware of the alleged EODs. *E.g.*, *PL/DB* ECF No. 270 at 32-33. In its opposition, Defendant rebutted Plaintiffs' false assertion by pointing to evidence in the record demonstrating, among other things, that:

> [A]fter Defendant gained actual knowledge of an EOD, its employees notified Defendant's [Transaction Management Group ("TMG")] and/or the Default Group. TMG then reviewed the governing agreements to confirm whether an EOD had occurred, and consulted with counsel as appropriate to determine next steps, if any, in response to each unique EOD. When prudent, Defendant took action, including filing bankruptcy proofs of claim, participating in bankruptcy creditor's committees and filing

Morgan, Lewis & Bockius LLP

101 Park Avenue
New York, NY  10178-0060          ☎ +1.212.309.6000
United States                      ✆ +1.212.309.6001

> lawsuits. . . .
>
> As part of that process, Defendant notified investors of EODs, reminded them of their rights, awaited their directions, and, where appropriate, took additional action . . . In some instances, including with respect to the 18 Declared EOD Trusts on which Plaintiffs seek summary judgment, Defendant determined that taking no additional action absent investor direction was the prudent course.

*PL/DB* ECF No. 287 at 32, 42-44.  The evidence in the record further established that these actions by Defendant were prudent because, *inter alia*, they were consistent with both industry practice and investor expectations.  *See id.* at 34-44.

Plaintiffs incorrectly argued that because Defendant declined to rely on an advice of counsel defense and therefore refused to produce privileged information, it was precluded from informing the Court that it "consulted with counsel" as part of its post-EOD decision-making process to rebut Plaintiffs' false statement.  *PL/DB* ECF No. 270 at 40-41.  Plaintiffs contend that *Brown* supports their position, but that case is clearly distinguishable.  In *Brown*, the defendant was accused of violating the Fair Labor Standards Act and asserted a statutorily-created defense, which provides that "if [the defendant] pleads and proves that the act or omission complained of was in good faith" then "[s]uch a defense, if established, shall be a bar to the action or proceeding."  29.  U.S.C. § 259 (emphasis added); *Brown*, 2020 U.S. Dist. LEXIS 155134, at *4 n.1.  Judge Vyskocil held that because the defendant invoked this statutory protection and claimed it was acting in good faith because it took legal advice, it was obligated to disclose the substance of that legal advice in order to satisfy its burden of establishing the defense.  2020 U.S. Dist. LEXIS 155134, at *6-7.

Here, unlike in *Brown*, Plaintiffs placed at issue whether post-EOD Defendant spoke to counsel or took other action by falsely claiming that Defendant "did nothing" after it gained actual knowledge of an EOD.[1]  Plaintiffs' position—if credited by the Court—would place Defendant in an untenable position: either waive its attorney-client privilege or allow Plaintiffs' false assertions to go unrebutted with the truth.  That is not the law.  Plaintiffs cannot affirmatively assert that Defendant "did nothing" and then seek to preclude Defendant from putting in evidence to the contrary unless it waives privilege.

Moreover, in *CFIP Master Fund, Ltd. v. Citibank, N.A.*, 738 F. Supp. 2d 450 (S.D.N.Y. 2010), cited at *PL/DB* ECF No. 287 at 44, Judge Rakoff held that a corporate trustee does not waive privilege by referencing the fact that it consulted with counsel as part of its decision-making process.  In *CFIP*, Judge Rakoff granted the defendant-trustee summary judgment based, in part, on a finding that the defendant-trustee acted in good faith and, thus, could not be liable under the governing contract.  *CFIP*, 738 F. Supp. 2d at 473–74.  Judge Rakoff specifically rejected the plaintiff's argument that the defendant-trustee's reference to consultations with counsel as part of its decision-making process constituted a waiver of the attorney-client privilege.  *Id.* at 474 n.27.  Thus, even if Plaintiffs had not falsely claimed that

---

[1] Defendant did not mention that it had any communications with counsel in support of its motions for summary judgment.  *See, e.g.*, *PL/DB* ECF Nos. 273, 308.

2

Defendant took no action after becoming aware of EODs, Defendant would still have been permitted to reference its post-EOD consultations with counsel as part of the factual record supporting its good faith process.

We thank the Court for its continued attention to his matter.

Respectfully,

*/s/ Kevin J. Biron*

Kevin J. Biron

cc:  All counsel of-record (via ECF)