# Morgan Lewis

**Kevin J. Biron**
+1.212.309.6180
kevin.biron@morganlewis.com

March 8, 2021

**VIA ECF**

Honorable John G. Koeltl
United States District Court Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007

Re:   *Phoenix Light SF DAC, et al. v. Deutsche Bank Nat'l Trust Co., et al.*, No. 14-cv-10103 (JGK)(DCF) (S.D.N.Y.) ("*PL/DB*"); *Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, Case No. 15-cv-10031 (JGK)(DCF) (S.D.N.Y.) ("*CB/DB*")

Dear Judge Koeltl:

      We represent defendants Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, as trustees for the RMBS trusts at issue in the above-referenced actions (collectively, "Defendant").[1]  We write to submit as supplemental authority Judge Pauley's recent decision in one of Commerzbank's other lawsuits against RMBS trustees—*Commerzbank AG v. U.S. Bank National Assoc.*, No. 16-CV-4569 (S.D.N.Y. Feb. 16, 2021) ("*CB/USB II*," a copy of which is attached as Exhibit A)—in which Judge Pauley denied Commerzbank's motion for reconsideration of his ruling that all of Commerzbank's claims that accrued in Germany were untimely.  *Commerzbank AG v. U.S. Bank Nat'l Ass'n*, 457 F. Supp. 3d 233, 248 (S.D.N.Y. 2020) ("*CB/USB I*").  *CB/USB II* is directly relevant to the issues raised in Defendant's pending motions for summary judgment against the Plaintiffs in both *PL/DB* and *CB/DB* with respect to the application of the German statute of limitations to Plaintiffs' claims.

      Like Defendant, U.S. Bank argued that most of Commerzbank's claims fail as a matter of law because they accrued in Germany and are time-barred under Germany's 3-year statute of limitations.  Judge Pauley agreed.  *CB/USB I* at *14-18.  On May 12, 2020, Commerzbank moved for reconsideration, arguing, *inter alia*, that the court had misapplied German law and ignored evidence that new claims accrued after 2011 and were therefore timely under the German statute of limitations.  *See* Memorandum of Law in Support of Commerzbank's Motion for Reconsideration, *Commerzbank AG v. U.S. Bank, Nat'l Ass'n*, Case No. 16-cv-04569 (S.D.N.Y. May 12, 2020) (ECF No. 400).

      Judge Pauley denied Commerzbank's motion for reconsideration in its entirety and confirmed that all of Commerzbank's claims that accrued in Germany were time-barred.  *See* Exh.

---

[1] Capitalized terms used but not defined herein have the meanings set forth in Defendant's reply memorandum of law in further support of its motions for summary judgment (*PL/DB* ECF No. 321 and *CB/DB* ECF No. 209).

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY  10178-0060   ☏ +1.212.309.6000
United States   ✆ +1.212.309.6001

A.  Judge Pauley rejected Commerzbank's argument that "each successive breach should restart the statute of limitations" under German law because "that is not how the German statute of limitations operates." Exh. A at 10. Rather, German law provides that "the clock runs '(1) when the breach occurred, and (2) when the plaintiff has knowledge of the claims.'" *Id.* And as Judge Pauley found in *CB/USB I*, Commerzbank knew (or was grossly negligent in failing to learn) of the facts underlying its claims prior to December 2011. 457 F. Supp. 3d at 248. This Court should reach the same conclusion here and hold that all of Plaintiffs' claims against Defendant that accrued in Germany are untimely. *See* CB-Br. 16-25; PL-Br. 16-25; Reply 6-19; Rohe CB-Aff. ¶ 22 (under Germany's unity-of-damages principle, "once the plaintiff has suffered a cognizable financial injury, any subsequent damages incurred as a result of the original breach or the same course of conduct are irrelevant for statute of limitations purposes. . . ."); Rohe PL-Aff. ¶ 23 (same); Rohe CB-Reply ¶ 13; Rohe PL-Reply ¶ 13.

        Respectfully,

        */s/ Kevin J. Biron*

        Kevin J. Biron

cc:  All counsel of-record (via ECF)