# WOLLMUTH MAHER & DEUTSCH LLP

500 FIFTH AVENUE
NEW YORK, NEW YORK 10110

---

TELEPHONE (212) 382-3300
FACSIMILE (212) 382-0050

August 10, 2021

*By ECF*
The Honorable John G. Koeltl
United States District Court Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, New York 10007

*Phoenix Light SF DAC, et al. v. Deutsche Bank Nat'l Trust Co., et al.*, 14-cv-10103-JGK-DF and
*Commerzbank AG v. Deutsche Bank Nat'l Trust Co., et al.*, 15-cv-10031-JGK-DF

Dear Judge Koeltl:

Plaintiffs hereby provide clarification of issues raised during the August 3, 2021 hearing.

(1) <u>Trusts For Which German SOL Does Not Apply</u> - The parties agree it does not apply to Commerzbank's ("CB's") 22 Barrington certificates from 19 trusts and the 58 certificates from 29 trusts held by plaintiffs other than Phoenix Light ("PL") itself. *See CB* ECF 185 at 10; *CB* ECF 169-19 at Ex. A; *PL* ECF 321 at 6-7.

(2) <u>Post-2011 Breaches (2010 for PL)</u> - The parties also agree claims accruing after 2010 for the PL trusts in its original complaint and post-2011 for CB and the other PL trusts are timely under German law. DB concedes this carveout applies to claims based on 2014 EODs and 2012 EODs (if relation back applies). *CB* ECF 209 at 8-9. DB's carveout is overly narrow because its post-EOD duty is an express continuing duty (not a continuation of an existing breach) and the complaints allege, and Phase 2 reports will address, many other independent post-2010 and -2011 breaches (*e.g.*, DB's failure to address servicing breaches). These breaches cannot be untimely because the German Supreme Court holds limitations periods are calculated separately for each breach *even if it causes the same harm*. *See PL* ECF 293-1 (Mansel Ex. A) at pp. 9-10.[1]

(3) <u>Efforts With DB in 2012</u> - Your Honor asked why CB did not obtain a tolling agreement, but to clarify, CB was working with DB to investigate repurchase claims against *other* parties, not against DB, Lucht Ex. 93, so there was no basis to seek tolling. As for whether CB could have asked what DB was doing, this is what CB did in its January 2012 letter. *Id*. And, in response to Your Honor's question whether CB argued that it knew about DB's breaches by 2011, Ex. A at 73,

---

[1] DB argued on reply that a "unity of damages" theory applies to combine the limitations period for breaches, *CB* ECF 209 at 15, based on its expert's opinion relying solely on a commentary. *CB* ECF 211 ¶ 13. The theory is contrary to German Supreme Court cases requiring a separate limitations analysis for each separate breach.

CB asserts the opposite, and the uncontroverted testimony from its witnesses establishes that CB did not know of any breaches by DB before 2012. *See* CB ECF 185 (Pltfs. Opp.) at 14-15.

(4) <u>Repurchase Claims for Mortgage File Deficiencies</u> - Your Honor explored whether repurchase claims for loans with defective mortgage files were dismissed. They were not. Plaintiffs do not assert "document delivery" claims for failures that occurred when trusts closed. Their separately pled claims for DB's failures to enforce repurchase much later were never abandoned or dismissed, and, we believe, were held not time-barred. *See PL v. DB*, 172 F. Supp. 3d at 710. The provisions requiring DB to enforce repurchase obligations do not state a time for performance. Plaintiffs' opposition distinguishes the claims:

> DB mischaracterizes Plaintiffs' claims as "document delivery-related." As the Court made clear, "document delivery" claims are limited to events contemporaneous with Trusts' closing: DB's duties to review Mortgage Files upon receipt, and generate the required initial and final certifications. *See PL v. DB*, 172 F. Supp. 3d 700, 709 (S.D.N.Y. 2016).... Plaintiffs are not suing DB for breaching those duties. The Court's prior order did not dismiss, and Plaintiffs never relinquished, a separately pled claim: that, pre-EOD for certain Trusts and post-EOD for all, DB breached its duty to enforce repurchase of loans with defective Mortgage Files.

*CB* ECF 185 (Pltfs. Opp.) at 55-57; *see also CB* ECF 198 (Pltfs. Reply) at 28.

(5) <u>Ambac Consent</u> - The Court asked whether *In re Ambac* only stayed temporarily PL's exercise of rights in IMM 2005-7. The orders DB cited are temporary. *See PL* ECF 355-4 (Goff Reply Ex. 3) (3/24/10 "Order for Temporary Injunctive Relief"); *PL* ECF 355-5 (Goff Reply Ex. 4) at 60 ¶ 9 (1/24/11 confirmation order states orders "shall remain in full force and effect ... through to termination of the rehabilitation proceeding"); *PL* ECF 355-6 (Goff Reply Ex. 5) (9/12/12 order ¶ 2.A. addressed only "scope" of relief under confirmation order, not duration). DB's Aug. 9, 2021 letter offers new exhibits, including a 150-page 2018 amended plan, with no chance for full reply. At the hearing, DB said Ambac "never consented to this action." (Ex. A at 11.) To resolve this issue, Ambac has indicated it will consent to PL exercising its rights in IMM 2005-7; PL will provide a sworn, evidentiary declaration, mooting DB's arguments.

(6) <u>*Phoenix Light v. BNYM* Summary Judgment</u> - DB incorrectly stated that Judge Caproni granted defendant summary judgment based on lack of notice or actual knowledge. (Ex. A at 41.) In fact, Judge Caproni granted judgment on pre-EOD claims only where "pervasive" breaches were the sole basis for notice to the trustee. 2017 U.S. Dist. LEXIS 145044, at *17-22 (S.D.N.Y. Sept. 7, 2017). And there, she did so principally because, unlike this Court and others, she rejected the prevention doctrine. For all other trusts, Judge Caproni *denied* judgment: "a reasonable juror could find that, relative to the four Trusts about which BNYM received letters, BNYM discovered the breaches" under either an inquiry notice or actual knowledge standard. *Id*. at *25. In addition to other breach notices, DB got R&W breach notices in 69 Trusts, so the case supports Plaintiffs.

Respectfully submitted,

*/s/ David H. Wollmuth*
*Counsel for Plaintiffs*